United States District Court
Northern District of Indiana
Hammond Division

| FREDERICK VAUGHN GREENE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:10-CV-19 JVB |
| | ) | |
| UNITED STATES DEPARTMENT OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION & ORDER**

This is an action filed by Frederick Vaughn Greene, Plaintiff, against the U.S. Department of Education, Defendant. Plaintiff claims that he was prevented from rehabilitating or deferring his student loan and that the government has violated his rights under the Thirteenth, Fourteenth, and Fifteenth Amendments. (Pl.'s Compl. at 1.) Plaintiff also appeals the "Final Notice of Wage Garnishment" received February 18, 2010, and the "Garnishment Hearing Decision" received January 27, 2010. (*Id.*) Plaintiff seeks an injunction preventing the garnishment of his wages, a determination that the pre-judgment garnishment by the government violates his due process rights, an accounting regarding his outstanding student loans, and a determination that he does not owe any of the loans as reparations for slavery. (Def's. Mot. Summ. J. at 1.) Defendant filed a counterclaim against Plaintiff seeking a judgment for the amount of his outstanding student loans. (*Id.*) Before this Court are Cross Motions for Summary Judgment. Defendant's Motion for Summary Judgment will be granted. Plaintiff's Motion for Summary Judgment will be denied.

1

**A. Cross-Motion for Summary Judgment Standard**

Summary judgment is only appropriate by the terms of Rule 56(c) where there exists "no genuine issue as to any material facts and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. This notion applies equally where, as here, opposing parties each move for summary judgment in their favor pursuant to Rule 56. *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 774 (7th Cir. 1996). Indeed, the existence of cross-motions for summary judgment does not necessarily mean that there are no genuine issues of material fact. *R.J. Corman Derailment Serv., Inc. v. Int'l Union of Operating Eng'rs.*, 335 F.3d 643, 647 (7th Cir. 2003). Rather, the process of evaluating the facts in the light most favorable to the nonmovant, first for one side and then for the other, may reveal that neither side has enough evidence to prevail without a trial. *Id.* at 648. "With cross-motions, [the Court's] review of the record requires that [the Court] construe all inferences in favor of the party against whom the motion under consideration is made." *O'Regan v. Arbitration Forums, Ins.*, 246 F.3d 975, 983 (7th Cir. 2001) (quoting *Hendricks–Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)). Mindful of these standards, the court now turns to the factual basis for the parties' motions and then to their substance.

**B. Material Facts**

On December 17, 1987, Plaintiff signed a promissory note and addendum letter for a Federal Family Education Loan Program ("FELP") SMART Consolidation loan by lender Sallie

Mae. (*Pl.'s Compl.* at 2.)¹ A total of $34,347 was disbursed for the FELP Consolidation loan. (*Id.*) Five years later, on February 24, 1993, Plaintiff defaulted on his loan obligation. (*Id.*) The guaranty agency then paid $49,039 to Sallie Mae on its default claim. (*Id.*) As of January 18, 2012, Plaintiff owes Defendant $120,818, comprised of just under $49,039 principal and $71,780 in interest. (*Id.*) Interest continues to accrue at $12.09 each day post January 18, 2012. (*Id.*)

On July 29, 2005, Plaintiff filed for chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Indiana. (*Id.*) Thereafter, Plaintiff and his wife filed an adversary complaint in bankruptcy court against Defendant, claiming that their student loans, totaling $207,000, should also be discharged because of undue hardship. *In re Greene*, 310 Fed. Appx. 17, 19 (7th Cir. 2009) (explaining that Plaintiff and his wife also "claimed that (1) the statute of limitations prohibited collection of their loans, (2) penalties and interest on the loans were caused by the DOE's negligence, and (3) the loans should be discharged as reparations for slavery and discrimination"). Applying 11 U.S.C. §§ 727, 523(a)(8), the bankruptcy judge discharged all of the Plaintiff's debt, except his student loans. (*Id.*)

Plaintiff appealed to the United States District Court for the Northern District of Indiana. On February 7, 2008, Magistrate Judge Paul Cherry issued His Report and Recommendation, recommending summary judgment in favor of Defendant on all issues. (Def.'s Mot. for Summ. J. at 3.) District Judge William Lee adopted the Report and Recommendation in its entirety, entering a judgment finding the student loan debt not dischargeable. (*Id.*) Plaintiff appealed, and the Court of Appeals for the 7th Circuit affirmed Judge Lee on February 9, 2009. (*Id.*)

Seven months later, on September 17, 2009, Defendant began an Administrative Wage Garnishment proceeding against Plaintiff. (*Id.*) Plaintiff requested an oral hearing, but the

---

¹ Plaintiff admits to signing the addendum on March 28, 1988. (Pl's. Compl. at 2.) Defendant states that Plaintiff signed the same document on March 31, 1998. (Def's Mot. Summ. J. at 2.)

3

Hearing Official denied his request. (Pl.'s Compl. at 1.) On January 20, 2010, the Hearing Official issued a Garnishment Hearing Decision. (Def.'s Mot. Summ. J. at 3.) Following the decision, Plaintiff's wages have been garnished. (*Id*.) Plaintiff commenced this suit on February 22, 2010. (Pl.'s Compl. at 1.)

**C. Discussion**

Plaintiff seeks an injunction preventing the garnishment of his wages, a determination that the pre-judgment garnishment by the government violates his due process rights, an accounting regarding his outstanding student loans, and a determination that he does not owe any of the loans as reparations for slavery. (Def's. Mot. Summ. J. at 1.)

**(1) *Plaintiff's claims of undue hardship, slavery reparations, and race discrimination are barred by res judicata.***

Plaintiff claims he is entitled to a discharge of his student loan debt on the basis of undue hardship. (Pl's. Compl. at 3.) The discharge of student loans pursuant to 11 U.S.C. § 523(a)(8) is an issue that arises under federal bankruptcy law, and insofar as Plaintiff asks this court to revisit the 2005 bankruptcy order that did not discharge Plaintiff's student loans, the doctrine of res judicata bars this claim. Under the doctrine of res judicata, a final judgment on the merits of an action bars further claims by the parties or their privies based on the same action. *Montana v. United States*, 440 U.S. 147, 153 (1979). Res judicata applies if the following three elements are satisfied: (1) identities of the parties or their privies in the two lawsuits; (2) identity of the causes of action; and (3) final judgment on the merits of the first lawsuit. *Golden v. Barenborg*, 53 F.3d 866, 869 (7th Cir. 1997). The doctrine of res judicata bars not only those issues that the parties

actually litigated, but also any issues which the parties could have raised in the prior action. *Aaron v. Mahl*, 550 F.3d 659, 664 (7th Cir. 2008).

In this case, the record is undisputed that both Plaintiff and Defendant were parties to previous litigation. Plaintiff alleged in bankruptcy court a right to discharge his student loans on the basis of undue hardship, and the bankruptcy court did not provide such relief. Thereafter, its decision was affirmed both by the District Court and the Court of Appeals. *In re Greene*, 310 Fed. Appx. 17, 19, 21 (7th Cir. 2009). "Congress has decided that some public policy considerations override the need to provide the debtor with a fresh start, and it has excluded certain debts from discharge. Unpaid student loans are among those debts excluded from discharge." *In re Chambers*, 348 F.3d 650, 653 (7th Cir. 2003). Therefore, if Plaintiff's circumstances have changed, Plaintiff must seek the discharge remedy in bankruptcy court. *See* 11 U.S.C. § 727(B)[2]; *see also* 11 U.S.C. § 523(a)(8).[3]

Additionally, Plaintiff alleges that he is entitled to an offset on his student loans as reparations for slavery and racial discrimination, but this claim is also barred by res judicata. This claim has already been rejected on the merits in Plaintiff's previous litigation. *See In re Greene*, 310 Fed. Appx. 17, 19, 21 (7th Cir. 2009). Therefore, Plaintiff is not entitled to an offset as slavery reparations or discrimination.

**(2) *Defendant's counterclaim is neither compulsory nor barred by res judicata.***

---

[2] Title 11 U.S.C. § 727(b) states in relevant part that, "[e]xcept as provided in section 523 of this title a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter."

[3] Title 11 U.S.C. § 523(a)(8) states in relevant part that, "unless excepting such debt from discharge . . . would impose an undue hardship on the debtor and the debtor's dependents, . . . an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit" is an exception to a discharge order granted pursuant to 11 U.S.C. § 727.

Defendant filed a counterclaim against Plaintiff seeking a judgment for the amount of his outstanding student loans. (Def.'s Mot. Summ. J. at 1.) Plaintiff claims that Defendant's counterclaim is barred by res judicata, but Plaintiff's argument is without merit. Defendant did not seek a monetary judgment in the 2005 bankruptcy litigation. *In re Greene*, 310 Fed. Appx. at 17 (explaining that Plaintiff "initiated the case, and [Defendant] has not counterclaimed or sought any judgment with respect to the student debt"). Therefore, there was no final judgment as to the issues raised by Defendant's current counterclaim.

Similarly, Plaintiff alleges that Defendant's counterclaim is barred by collateral estoppel, but again, Plaintiff's argument is without merit. "For collateral estoppel to apply, '(1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action.'" *Matrix IV, Inc. v. Am. Nat. Bank and Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011) (quoting *H–D Mich., Inc. v. Top Quality Serv., Inc.*, 496 F.3d 755, 760 (7th Cir. 2007)). Again, because there was no final monetary judgment in the 2005 bankruptcy litigation, collateral estoppel is inapplicable to Defendant's counterclaim.

Additionally, Plaintiff argues that Defendant's counterclaim should have been raised during earlier proceedings. To support this assertion, Plaintiff cites Federal Rule of Civil Procedure 13(a). Plaintiff, however, fails to correctly address the Federal Rule of Bankruptcy Procedure 7013.[4] While some claims are compulsory under Federal Rule of Civil Procedure 13(a), those claims may be deemed permissive in bankruptcy court pursuant to Bankruptcy Rule

---

[4] Rule 7013 states, in part, "Rule 13 F. R. Civ. P. applies in adversary proceedings, except that a party sued by a trustee or debtor in possession need not state as a counterclaim any claim that the party has against the debtor."

7013.  Therefore, Defendant was not obligated to file a compulsory counterclaim in the earlier bankruptcy proceedings.

**(3)** *The loan agreement is valid and enforceable.*

Plaintiff claims that the loan contract is invalid or unenforceable.  Plaintiff alleges that he entered the loan agreement under duress and undue influence.  To establish a claim for undue duress, a party must show "an actual or threatened violence or restraint of a man's person, contrary to law, to compel him to enter into a contract or discharge one." *Williamson v. Bendix Corp.*, 289 F.2d 389, 392 (7th Cir. 1961).  Plaintiff signed the initial loan agreement as well as an addendum, indicating a desire to continue the agreement.  Plaintiff failed to allege any facts evidencing that he was forced through actual or threatened violence to enter into the contract.

Plaintiff also claims that if the contract is valid and enforceable, Defendant still cannot collect the debt.  As an affirmative defense to Defendant's right to debt collection, Plaintiff alleges that Defendant waived its right to collect his student loan debt.  To support this assertion, Plaintiff claims that collection is barred by the statute of limitations.  Congress, however, has declared that there is no limitations period for the collection of student loans.  *See* 20 U.S.C. §1091a (2006).  Thus, the government did not waive its right to recovery.

**(4)** *Plaintiff has not established a violation of his due process rights.*

In paragraph 1 of his complaint, Plaintiff asserts that he was denied due process when Defendant denied his request for an in-person hearing during the Administrative Wage Garnishment proceedings. (Pl.'s Compl. at 1.) The Fourteenth Amendment provides, among other things, a guarantee against state deprivation of life, liberty, or property without due process

of law. When considering a procedural due process claim, the court applies a two-step inquiry: first, the court determines "whether the plaintiff has been deprived of a protected interest," second, the court determines "what process is due." *Sonnleitner v. York,* 304 F.3d 704, 711 (7th Cir. 2002) (quoting *Townsend v. Vallas*, 256 F.3d 661, 673 (7th Cir. 2001)).

Plaintiff was arguably deprived of a protected interest: his fundamental right to property in the form of wages. Plaintiff, however, received adequate process. Plaintiff objected to the garnishment of his wages and requested an in-person hearing. The Hearing Official denied this request. Plaintiff now alleges he was entitled to an in-person hearing, argues that the administrative wage garnishment was unlawful and unconstitutional, and prays that this court enjoin the garnishment of his wages. Plaintiff, however, failed to provide any material facts or law evidencing his entitlement to an in-person hearing. Therefore, Plaintiff's due process claim fails.

**D. Conclusion**

The court GRANTS Defendant's Motion for Summary Judgment (DE 47) and DENIES Plaintiff's Motion for Summary Judgment (DE 50).

SO ORDERED on September 26, 2012.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE